ROHR V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 02-04-458-CR

        
02-04-459-CR

        02-04-460-CR

ELIZABETH ANNE ROHR APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE COUNTY COURT AT LAW OF WISE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) 

------------

Elizabeth Anne Rohr appeals three convictions for cruelty to animals.  She has also filed a “Motion to Void Judgment and Dismiss With Prejudice.” In two cases, docket nos. 2-04-458-CR and 2-04-459-CR, the trial court revoked appellant’s deferred adjudication community supervision and adjudicated her guilty of two offenses committed on August 6, 2002.  In the third case, docket no. 2-04-460-CR, appellant was convicted of a June 4, 2004 offense pursuant to a plea bargain agreement. 

An appeal from the trial court’s adjudication of an appellant’s deferred adjudication community supervision is limited to jurisdictional defects and post-adjudication matters unrelated to the appellant’s conviction.
(footnote: 2)  The trial court’s decision to adjudicate is not appealable.
(footnote: 3)  Therefore, appellant’s appeals in docket nos. 2-04-458-CR and 2-04-459-CR are limited to these matters.

Further, because appellant and the State entered into a plea-bargain agreement in docket no. 2-04-460-CR, which the trial court followed, appellant may appeal only (1) matters raised by written motion filed and ruled on before trial and (2) matters for which the trial court has granted permission to appeal.
(footnote: 4) In this case, there were no written motions ruled on before trial, and the trial court certified that this is a plea-bargain case and that appellant may appeal only the court’s denial of her post-conviction motion to recuse.  Therefore, appellant’s appeal in docket no. 2-04-460-CR is limited to the trial court’s ruling on the motion to recuse.
(footnote: 5)
 Appellant’s brief on appeal does not contain any clear and concise arguments pertinent to the matters that she may appeal, nor does it contain appropriate citations to authorities or to the appellate record.
(footnote: 6)  As an appellate court, it is not our task to pore through the record in an attempt to verify an appellant’s claims.
(footnote: 7)  Because the right to appellate review in Texas extends only to complaints made in accordance with the rules of appellate procedure, appellant’s complaints are inadequately briefed and are not preserved for our review.
(footnote: 8)  Accordingly, we overrule appellant’s complaints on appeal, deny appellant’s motion, and affirm the trial court’s judgments.

PER CURIAM

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 23, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Hargesheimer v. State,
 No. PD-1610-04, 2006 WL 120009, at *5 (Tex. Crim. App. Jan. 18, 2006); 
Id.
 at *7 (Johnson, J., concurring); 
Nix v. State,
 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); 
Vidaurri v. State,
 49 S.W.3d 880, 885 (Tex. Crim. App. 2001).

3:
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2005); 
Hargesheimer,
 2006 WL 120009, at *2, 5-6.

4:
See
 
Tex. R. App. P.
 25.2(a)(2); 
Estrada v. State,
 149 S.W.3d 280, 282 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d).

5:
See
 Tex. R. App. P.
 25.2(a)(2); 
Estrada,
 149 S.W.3d at 282.  The State contends that all three of appellant’s appeals are limited by appellate rule 25.2(a)(2).  
Tex. R. App. P.
 25.2(a)(2).  The court of criminal appeals has held, however, that rule 25.2(a)(2) does not apply to appeals from the trial court’s adjudication of guilt.  
Hargesheimer,
 2006 WL 120009, at *5; 
Dears v. State,
 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

6:
See
 
Tex. R. App. P.
 38.1(h) (requiring same).  Although we gave appellant an opportunity to rebrief, her amended brief is still deficient.

7:
Alvarado v. State,
 912 S.W.2d 199, 210 (Tex. Crim. App. 1995).

8:
See Salazar v. State,
 38 S.W.3d 141, 147 (Tex. Crim. App.), 
cert. denied,
 534 U.S. 855 (2001); 
Tong v. State,
 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied,
 532 U.S. 1053 (2001); 
Narvaiz v. State,
 840 S.W.2d 415, 429 (Tex. Crim. App. 1992) (applying predecessor to rule 38.1(h)), 
cert. denied,
 507 U.S. 975 (1993).