COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

NOS. 02-04-458-CR

        02-04-459-CR

        02-04-460-CR

 

ELIZABETH ANNE ROHR                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE COUNTY COURT AT LAW OF WISE COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1] 

 

                                              ------------








Elizabeth Anne Rohr appeals
three convictions for cruelty to animals. 
She has also filed a AMotion to Void Judgment and Dismiss With Prejudice.@      In two cases, docket nos.
2-04-458-CR and 2-04-459-CR, the trial court revoked appellant=s deferred adjudication community supervision and adjudicated her
guilty of two offenses committed on August 6, 2002.  In the third case, docket no. 2-04-460-CR,
appellant was convicted of a June 4, 2004 offense pursuant to a plea bargain
agreement. 

An appeal from the trial
court=s adjudication of an appellant=s deferred adjudication community supervision is limited to
jurisdictional defects and post-adjudication matters unrelated to the appellant=s conviction.[2]  The trial court=s decision to adjudicate is not appealable.[3]  Therefore, appellant=s appeals in docket nos. 2-04-458-CR and 2-04-459-CR are limited to
these matters.








Further, because appellant and
the State entered into a plea-bargain agreement in docket no. 2-04-460-CR,
which the trial court followed, appellant may appeal only (1) matters raised by
written motion filed and ruled on before trial and (2) matters for which the
trial court has granted permission to appeal.[4]
In this case, there were no written motions ruled on before trial, and the
trial court certified that this is a plea-bargain case and that appellant may
appeal only the court=s denial of
her post-conviction motion to recuse. 
Therefore, appellant=s appeal in docket no. 2-04-460-CR is limited to the trial court=s ruling on the motion to recuse.[5]








Appellant=s brief on appeal does not contain any clear and concise arguments
pertinent to the matters that she may appeal, nor does it contain appropriate
citations to authorities or to the appellate record.[6]  As an appellate court, it is not our task to
pore through the record in an attempt to verify an appellant=s claims.[7]  Because the right to appellate review in
Texas extends only to complaints made in accordance with the rules of appellate
procedure, appellant=s complaints
are inadequately briefed and are not preserved for our review.[8]  Accordingly, we overrule appellant=s complaints on appeal, deny appellant=s motion, and affirm the trial court=s judgments.

 

PER CURIAM

PANEL A:   CAYCE,
C.J.; GARDNER and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 23, 2006











[1]See Tex. R. App. P. 47.4.





[2]See
Hargesheimer v. State, No. PD-1610-04, 2006 WL 120009, at *5
(Tex. Crim. App. Jan. 18, 2006); Id. at *7 (Johnson, J., concurring); Nix
v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); Vidaurri v.
State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001).





[3]Tex. Code Crim. Proc. Ann. art.
42.12, ' 5(b)
(Vernon Supp. 2005); Hargesheimer, 2006 WL 120009, at *2, 5-6.





[4]See Tex. R. App. P. 25.2(a)(2); Estrada
v. State, 149 S.W.3d 280, 282 (Tex. App.CHouston [1st Dist.] 2004,
pet. ref=d).





[5]See Tex. R. App. P. 25.2(a)(2); Estrada,
149 S.W.3d at 282.  The State contends
that all three of appellant=s appeals are limited by
appellate rule 25.2(a)(2).  Tex. R. App. P. 25.2(a)(2).  The court of criminal appeals has held,
however, that rule 25.2(a)(2) does not apply to appeals from the trial court=s
adjudication of guilt.  Hargesheimer,
2006 WL 120009, at *5; Dears v. State, 154 S.W.3d 610, 613 (Tex. Crim.
App. 2005).





[6]See Tex. R. App. P. 38.1(h) (requiring
same).  Although we gave appellant an
opportunity to rebrief, her amended brief is still deficient.





[7]Alvarado
v. State, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995).





[8]See
Salazar v. State, 38 S.W.3d 141, 147 (Tex. Crim. App.), cert.
denied, 534 U.S. 855 (2001); Tong v. State, 25 S.W.3d 707, 710 (Tex.
Crim. App. 2000), cert. denied, 532 U.S. 1053 (2001); Narvaiz v.
State, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992) (applying predecessor to
rule 38.1(h)), cert. denied, 507 U.S. 975 (1993).