Opinion issued May 4, 2006
   






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00858-CR




MARCO ANTONIO MELENDEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 933216




MEMORANDUM OPINION
          Marco A. Melendez has filed a motion for rehearing of our opinion issued on
August 31, 2005. A response was requested and received from the State. After due
consideration, we grant rehearing, withdraw our opinion and judgment of August 31,
2005, and issue the following opinion and judgment in their stead.
          Appellant, Marco A. Melendez, pleaded guilty to the felony offense of felon
in possession of a weapon. See Tex. Pen. Code Ann. § 46.04 (Vernon 2004). 
Pursuant to a plea agreement, the trial court assessed appellant’s punishment at
confinement for ten years in prison. The trial court certified appellant’s right to
appeal rulings on matters raised by written motion filed and ruled on before trial. See
Tex. R. App. P. 25.2(a)(2).  
          Appellant’s counsel, who was appointed to represent appellant for this appeal,
submitted a brief stating his professional opinion that the appeal was without merit
and that there were no arguable grounds for reversal on appeal. See Anders v.
California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Appellant filed a pro se
response brief that asserts eight issues on appeal, in which he complains of errors that
concern pretrial, trial, and posttrial matters. These issues concern (1) whether
appellant was deprived of his Fifth Amendment right against double jeopardy, (2) the
sufficiency of the evidence to convict appellant of felon in possession of a weapon,
(3) whether the trial court abused its discretion by denying appellant’s motion to
suppress evidence that appellant was in possession of a weapon, (4) whether the trial
court abused its discretion by not holding a hearing on appellant’s motion for new
trial, (5) whether appellant was denied effective assistance of counsel because his
counsel did not file a motion to have his previous conviction declared a misdemeanor
offense in lieu of a felony offense, (6) whether the trial court had a duty to withdraw
appellant’s guilty plea sua sponte, (7) whether appellant was denied effective
assistance of counsel because the trial court did not timely appoint counsel and
because counsel did not assist appellant in filing a motion for new trial, and (8)
appellant’s proposed waiver of Anders briefing requirements. We affirm appellant’s
conviction.
Background
          On February 13, 2002, an undercover police officer employed by the Houston
Police Department (HPD) observed appellant and Luis Olvera conducting what
appeared to be narcotics transactions with several people who approached them as
they stood in the parking lot outside two bars. The undercover officer also observed
Olvera put what appeared to be crack cocaine into his mouth when a marked police
car drove near the parking lot. When the bar closed at 2 a.m., the undercover officer
saw both appellant and Olvera enter the bar and leave with an opened beer bottle. 
The two men then got into appellant’s car. As appellant backed out of the parking lot,
the undercover officer saw the passenger, Olvera, take a drink from the beer bottle.
          The undercover officer relayed his observations to surveillance officers located
nearby in a marked patrol car, who stopped appellant’s car near his house. When the
officers approached appellant’s car, Olvera, the passenger, dropped the beer bottle to
the ground, mumbling as he spoke. Olvera was then instructed to spit out the objects
in his mouth, which were impairing his speech. Olvera complied and spat crack rocks
from his mouth. 
          One of the officers, Officer Miller, ordered appellant to get out of the car. As
appellant stepped from the car, the officer placed his hands on appellant to pull him
away from the open car door and observed a large piece of crack cocaine on the front
seat of the car, where appellant had been sitting. Officer Miller decided to take
appellant into custody for possession of the cocaine found near him in the car and told
appellant to turn around and place his hands on the car. Officer Miller’s search of
appellant revealed a handgun in the right pocket of his jacket. 
          During the hearing on the motion to suppress, appellant and Olvera testified
that, after they drank beer inside the bar that night, appellant gave Olvera a ride in
appellant’s car. They claimed that appellant began to take Olvera home, but that they
changed their plans and ended up at appellant’s house, which was less than one block
from the bar. Each testified that police officers did not approach them in the car until
20 to 25 minutes after they had left the bar, that the officers approached the car with
their guns drawn, and that one of the officers choked Olvera. Appellant testified that
no sale of narcotics occurred outside the bar that night, and that he was not aware that
Olvera possessed any cocaine. Appellant also said that he possessed neither
narcotics, nor any firearm on his person or in his car. 
          The trial court certified appellant’s right to appeal only the trial court’s rulings
on matters raised by written motion filed and ruled on before trial, pursuant to the
Rules of Appellate Procedure, which state that in a plea-bargained case, as here, an
appellant may appeal only “those matters that were raised by written motion filed and
ruled on before trial” or “after getting the trial court’s permission to appeal.” Tex. R.
App. P. 25.2(a)(2); Estrada v. State, 149 S.W.3d 280, 282 (Tex. App.—Houston [1st
Dist.] 2004, pet. ref’d). 
Anders Procedure
          The brief submitted by appellant’s court-appointed counsel states his
professional opinion that there are no arguable grounds for reversal on appeal and
that any appeal would, therefore, lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969). Appellant’s counsel sent a copy of the brief to appellant, requested permission
to withdraw from the case, and notified appellant of his right to review the record and
file a pro se response. The State initially waived its opportunity to file an appellee’s
brief to reply to the arguments presented in appellant’s pro se response, but later,
upon our request, filed a responsive brief to appellant’s motion for rehearing.
          When this Court receives an Anders brief from a defendant’s court-appointed
attorney who asserts that no arguable grounds for appeal exist, we must determine
that issue independently by conducting our own review of the entire record. Anders,
386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether case is “wholly
frivolous”); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (quoting
same passage from Anders). In conducting our review, we consider any pro se
response that the defendant files to his appointed counsel’s Anders brief. See Bledsoe
v. State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005). 
          Our role in this Anders appeal, which includes a pro se response by appellant,
is limited to determining whether arguable grounds for appeal exist. Bledsoe, 178
S.W.3d at 827. If we determine that arguable grounds for appeal exist, we must abate
the appeal and remand the case to the trial court to allow the court-appointed attorney
to withdraw. See id. The trial court must then either appoint another attorney to
present all arguable grounds for appeal or, if the defendant wishes, allow the
defendant to proceed pro se. See id. We do not rule on the ultimate merits of the
issues raised by appellant in his pro se response. Id. If we determine that there are
arguable grounds for appeal, appellant is entitled to have new counsel address the
merits of the issues raised. Id. “Only after the issues have been briefed by new
counsel may [we] address the merits of the issues raised.” Id. 
          If, on the other hand, we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court’s judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. See id. at 826–28. The holding that there are no arguable
grounds for appeal is subject to challenge by an appellant by a petition for
discretionary review filed in the Court of Criminal Appeals. Id. at 827 & n.6. 
          In accordance with Anders, 386 U.S. at 744–45, 87 S. Ct. at 1400, and Bledsoe,
178 S.W.3d at 826–28, we have reviewed the record, appellant’s appointed counsel’s
Anders brief, and appellant’s pro se response to that brief and conclude that no
reversible error exists.


 Having reached that conclusion, we affirm the judgment of
the trial court and grant appellant’s appointed counsel’s motion to withdraw.


 
Conclusion
          We affirm the judgment of the trial court and grant appointed counsel’s motion
to withdraw. 

                                                                                  Elsa Alcala
                                                                                  Justice

Panel consists of Justices Taft, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).