COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-454-CR

 

 

BARBARA COURSEY HERTEL                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

 

Appellant Barbara Coursey
Hertel attempts to appeal her conviction for driving while intoxicated, for
which she was sentenced to 180 days= confinement on August 22, 2008. 
Hertel timely filed a motion for new trial on September 5, 2008.  Hertel=s notice of appeal was due November 20, 2008, but was not filed until
December 3, 2008.








On December 5, 2008, we sent
Hertel a letter stating that the court was concerned that it lacked
jurisdiction over her appeal because her notice of appeal was not timely
filed.  See Tex. R. App. P.
26.2.  Our letter also stated that the
trial court=s
certification stated that this is a plea-bargain case, that Hertel had no right
of appeal, and that she had waived her right of appeal.  We instructed Hertel or any party desiring to
continue the appeal to file with the court a response showing grounds for
continuing the appeal.  We have received
no response.

The Texas Rules of Appellate
Procedure set out rules that must be followed in order to invoke this court=s jurisdiction
over an appeal.  White v. State,
61 S.W.3d 424, 428 (Tex. Crim. App. 2001). 
If the jurisdiction of a court of appeals is not properly invoked, the
power of the appellate court to act is as absent as if it did not exist.  Id. 
Appellate jurisdiction is invoked by giving timely and proper notice of
appeal.  Id. 








Additionally, rule 25.2(a)(2) of the appellate rules provides that in
a plea-bargain case, an appellant may appeal only Athose matters that were raised by written motion filed and ruled on
before trial@ or Aafter getting the trial court=s permission to appeal.@  Tex. R. App. P. 25.2(a)(2).  Here, Hertel waived all pretrial motions, and
the trial court has not given permission to appeal.  See Estrada v. State, 149 S.W.3d 280,
282 (Tex. App.CHouston [1st
Dist.] 2004, pet. ref=d) (stating
that there is no exception for the trial court=s refusal to grant permission to appeal). 

Because the trial
court certified that Hertel possesses no right of appeal and because Hertel
failed to file a timely notice of appeal, we hold that we do not have
jurisdiction over this appeal.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  Absent appellate jurisdiction, we can take no
action other than to dismiss the appeal. 
See id.; Olivo v. State, 918 S.W.2d 519, 523, 525 (Tex.
Crim. App. 1996).  Accordingly, we
dismiss this appeal for want of jurisdiction.  See Tex. R.
App. P. 25.2(d); Vann v. State, No. 02-08-00332-CR, 2008 WL 4779601, at *2
(Tex. App.CFort Worth Oct. 30, 2008, no pet.) (mem.
op., not designated for publication).

 

PER CURIAM

 

PANEL: WALKER, MCCOY, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January
22, 2009

 











[1]See Tex.
R. App. P. 47.4.