

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-454-CR

BARBARA COURSEY HERTEL                                            APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Barbara Coursey Hertel attempts to appeal her conviction for driving while intoxicated, for which she was sentenced to 180 days' confinement on August 22, 2008.  Hertel timely filed a motion for new trial on September 5, 2008.  Hertel's notice of appeal was due November 20, 2008, but was not filed until December 3, 2008.

---

[1] *See* Tex. R. App. P. 47.4.

On December 5, 2008, we sent Hertel a letter stating that the court was concerned that it lacked jurisdiction over her appeal because her notice of appeal was not timely filed. *See* Tex. R. App. P. 26.2. Our letter also stated that the trial court's certification stated that this is a plea-bargain case, that Hertel had no right of appeal, and that she had waived her right of appeal. We instructed Hertel or any party desiring to continue the appeal to file with the court a response showing grounds for continuing the appeal. We have received no response.

The Texas Rules of Appellate Procedure set out rules that must be followed in order to invoke this court's jurisdiction over an appeal. *White v. State*, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001). If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist. *Id*. Appellate jurisdiction is invoked by giving timely and proper notice of appeal. *Id.*

Additionally, rule 25.2(a)(2) of the appellate rules provides that in a plea-bargain case, an appellant may appeal only "those matters that were raised by written motion filed and ruled on before trial" or "after getting the trial court's permission to appeal." Tex. R. App. P. 25.2(a)(2). Here, Hertel waived all pretrial motions, and the trial court has not given permission to appeal. *See Estrada v. State*, 149 S.W.3d 280, 282 (Tex. App.—Houston [1st Dist.] 2004,

2

pet. ref'd) (stating that there is no exception for the trial court's refusal to grant permission to appeal).

Because the trial court certified that Hertel possesses no right of appeal and because Hertel failed to file a timely notice of appeal, we hold that we do not have jurisdiction over this appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Absent appellate jurisdiction, we can take no action other than to dismiss the appeal. *See id.*; *Olivo v. State,* 918 S.W.2d 519, 523, 525 (Tex. Crim. App. 1996). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(d); *Vann v. State*, No. 02-08-00332-CR, 2008 WL 4779601, at *2 (Tex. App.—Fort Worth Oct. 30, 2008, no pet.) (mem. op., not designated for publication).

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 22, 2009