**Adolfo Rodriguez ESTRADA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–04–00086–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 7, 2004.

Q. Tate Williams, Houston, TX, for Appellant.

William J. Delmore, III, Chief Prosecutor, Appellate Div., Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, ALCALA, and HIGLEY.

### OPINION ON MOTION FOR REHEARING AND FOR EN BANC RECONSIDERATION

PER CURIAM.

On June 24, 2004, this Court issued its opinion dismissing the above-referenced appeal for lack of jurisdiction. *Estrada v. State,* No. 01–04–00086–CR, 2004 WL 1403710 (Tex.App.-Houston [1st Dist.] June 24, 2004) (not designated for publication). Appellant's counsel filed a timely motion for rehearing and for en banc reconsideration. The panel voted unanimously to deny rehearing. The en banc Court voted unanimously to deny en banc reconsideration. The motion for rehearing and for en banc reconsideration is therefore **denied.** However, we withdraw our opinion and judgment of June 24, 2004, and issue the following opinion in its place.

Appellant pleaded guilty to the offense of aggravated assault and true to the elements in an enhancement paragraph that he had a prior felony conviction. In accordance with his plea-bargain agreement with the State, the trial court sentenced

appellant to confinement for five years. Appellant filed a timely motion for new trial, which the trial court denied. Appellant then filed a timely notice of appeal.

The trial court's certification of appellant's right to appeal reflects that this "is a plea-bargain case, and the defendant has NO right of appeal," and "the defendant has waived the right of appeal." This certification is supported by the record.

On March 18, 2004, we issued an order notifying the parties that the appeal would be dismissed unless an amended certification, reflecting that appellant had the right of appeal, was made part of the appellate record no later than April 8, 2004. *See* Tex.R.App. P. 37.1. Appellant's counsel filed a motion for extension of time to file an amended certification and a motion for extension of time to file his brief. We granted the motions on April 29, 2004, and ordered the amended certification and appellant's brief due on May 17, 2004.

On May 24, 2004, we received a supplemental clerk's record that included a motion for permission to appeal and certification of right to appeal and/or nunc pro tunc that appellant filed in the trial court on April 28, 2004. In the motion, appellant requested permission to appeal the denial of his motion for new trial. The trial court denied the motion.

Therefore, on June 24, 2004, we issued our opinion dismissing the appeal for lack of jurisdiction because this was a plea-bargained case in which the trial court followed the plea bargain agreement, appellant waived his right to appeal, and the trial court did not grant permission to appeal. *See* Tex.R.App. P. 25.2(a)(2), 25.2(d).

In his motion for rehearing and for en banc reconsideration, appellant argues that he should be permitted to brief: (1) whether the trial court's refusal to grant permission to appeal and certify appellant's right to appeal the adverse ruling on his motion for new trial is itself appealable; (2) whether the denial of appellant's motion for new trial was error; and (3) the voluntariness of appellant's waiver of the right to appeal. We requested, and the State filed, a response to the motion for rehearing and for en banc reconsideration.

■ The Rules of Appellate Procedure are clear that in a plea-bargained case an appellant may appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." Tex.R.App. P. 25.2(a)(2). There is no exception for the trial court's refusal to grant permission to appeal. There is no exception for an adverse ruling on a motion for new trial. There is no exception for the voluntariness of waivers.

The limitation of appeals in plea-bargained cases was first enacted by the Texas Legislature in 1977. As originally enacted, Article 44.02 read, "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 44.02, 2 1965 Tex. Gen. Laws 317, 511. In 1977, the statute was amended to include this proviso:

[P]rovided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, *he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.* ...

Act of May 23, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940, 940–41.

(Emphasis added.) The legislature repealed the proviso effective September 1, 1986 with the enactment of the Texas Rules of Appellate Procedure. Act of May 27, 1985, 69th Leg., R.S., ch. 685, §§ 1–4, 1985 Tex. Gen. Laws 2472, 2472–73.

The provision regarding appeals in plea-bargained cases was included in former Rule 40(b)(1) of the Rules of Appellate Procedure in 1986. Tex.R.App. P. 40(b)(1), 707–708 S.W.2d (Texas Cases) XXIX, LII–III (Tex.Crim.App.1986). In the 1997 revision of the rules, it became former Rule 25.2(b)(3). Tex.R.App. P. 25.2(b)(3), 948–949 S.W.2d (Texas Cases) LXI, XCVI (Tex.Crim.App.1997). Both former Rule 40(b)(1) and former Rule 25.2(b)(3) limited appeals in plea-bargained felony cases to: (1) jurisdictional defects, (2) denial of pretrial written motions, and (3) those issues on which the trial court had granted permission to appeal.

Effective January 1, 2003, the provision was included in present Rule 25.2(a)(2) of the Rules of Appellate Procedure and again limits appeals in plea-bargained cases to the only two situations included in the original 1977 proviso, that is, adverse rulings on pretrial written motions or with the permission of the trial court. See Tex. R.App. P. 25.2(a)(2).

The point is that, since 1977, appeals in plea-bargained cases have been extremely limited by statute and rule. The Texas Legislature did not authorize review of any of the issues appellant wishes to raise. In delegating authority to the Court of Criminal Appeals to promulgate a comprehensive body of appellate rules in criminal cases, the legislature expressly provided that the rules could not abridge, enlarge or modify the substantive rights of a litigant. *Lyon v. State*, 872 S.W.2d 732, 735 (Tex.

Crim.App.1994); Tex. Gov't Code Ann. § 22.108 (Vernon 2004).

The Court of Criminal Appeals revisited the question of whether an issue not included in the former proviso or the Rules of Appellate Procedure, voluntariness of the plea, could be raised in a plea-bargained case without the trial court's consent in *Cooper v. State*, 45 S.W.3d 77, 81 (Tex.Crim.App.2001). The court held that the issue could not be raised because it had not been included as an appealable issue in the Article 44.02 proviso. The court wrote that "the 1977 proviso limits every appeal on every ground in a plea-bargain[ed], felony case,"[1] and that to permit the voluntariness of a plea to be addressed on appeal in a plea-bargained case "would completely frustrate the [1977] statute." *Id.*, at 81. The court further held that its "rule-making authority does not extend to enlarging the right of appeal in this fashion." *Id.*

In *Woods v. State*, 108 S.W.3d 314 (Tex. Crim.App.2003), the court addressed whether ineffective assistance of counsel could be addressed in the appeal of a plea-bargained case. The court held:

> The plain import of the rule is that appeals from plea-bargain cases are limited to the situations set forth in the rule. Consequently, a court of appeals is not authorized to address points of error that do not fall within one of the categories listed in [former] Rule 25.2(b)(3).

*Id.*, at 316. The law is clear that, in plea-bargained cases, we have no authority to address issues that are not authorized by Rule 25.2(a)(2).

 Appellant nevertheless argues that Rule 25.2(a)(2) is unconstitutional as applied to him because "it denies him the direct appeal and the right to counsel

---

1. *Id.*, at 80.

available to other Defendants whose motions for new trial with identical allegations filed after a jury or bench trial are denied by the trial court." Appellant contends that the rule abridges his rights to due process, equal protection, and counsel under the federal and state constitutions.

■■■ We disagree. The right to appeal is not a constitutional right. It is a privilege dependent on statute. *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex.App.-Austin 1997, no pet.). "The right to appeal a criminal conviction is a substantive right solely within the province of the Legislature." *Lyon v. State*, 872 S.W.2d at 734. The Court of Criminal Appeals held that denial of a right to appeal from the trial court's decision to adjudicate guilt did not deny the right to equal protection of the laws under either the federal or state constitution in *Olowosuko v. State*, 826 S.W.2d 940, 941–42 (Tex.Crim.App.1992).[2] We hold that the limitation of appellant's right to appeal under Rule 25.2(a)(2) does not violate his constitutional rights.

Appellant concedes that this Court held in *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex.App.-Houston [1st Dist.] 2003, no pet.), that the denial of a motion for new trial was not an appealable issue in a plea-bargained case in which the trial court did not grant permission to appeal. He argues, however, that our reliance on two opinions from the San Antonio and Dallas courts of appeals was misplaced.

In *Threadgill*, we relied on *Morfin v. State*, 34 S.W.3d 664, 668 (Tex.App.-San Antonio 2000, no pet.), and *McCowan v. State*, 961 S.W.2d 24, 26 (Tex.App.-Dallas 1996, no pet.). In *Morfin*, the court of appeals held that it did not have jurisdiction to consider the denial of the motion

for new trial in a plea-bargained case, citing former Rule 25.2(b)(3). In *McCowan*, the court of appeals reached the same conclusion, relying on former Rule 40(b)(1).

Appellant contends that, when those cases were decided, "the landscape of appellate rights for defendants in Texas courts was dramatically different" because voluntariness of a plea was an appealable issue in plea-bargained cases without the trial court's permission, even though it had not been included in the Article 44.02 proviso or the Rules of Appellate Procedure. It is true that the Court of Criminal Appeals permitted voluntariness of the plea to be raised on appeal in this class of cases in *Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App.1996), until *Flowers* was overruled by *Cooper* in 2001.[3] We fail to perceive, however, how the existence of the voluntariness exception during those years when *Morfin* and *McCowan* were decided should have dictated a different result in our *Threadgill* opinion, or how our reliance on those cases was misplaced. To our knowledge, the Court of Criminal Appeals never carved out an exception in plea-bargained cases for appellate review of the denial of a motion for new trial without the trial court's permission, and appellant cites none.

Appellant further argues that *Morfin* is distinguishable because the ground for the motion for new trial in that case was that the evidence was insufficient to support the plea. Appellant's motion for new trial was based on different grounds, namely: (1) that the verdict was contrary to the law and the evidence, and (2) that appellant had pleaded guilty "based upon the una-

---

**2.** This limitation of the right to appeal is included in the Code of Criminal Procedure. *See* Tex.Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon 2004).

**3.** *Cooper,* 45 S.W.3d at 81.

vailability of a prominent witness for the defense" ... "who can now be located...." We fail to perceive how this difference in the stated grounds gives this Court jurisdiction to consider the denial of appellant's motion for new trial.

■ The simple fact is that the denial of a motion for new trial, regardless of the ground or grounds raised in the motion, is not appealable in a plea-bargained case without the trial court's permission. TEX. R.APP. P. 25.2(a)(2). We follow our opinion in *Threadgill* and the reasoning of the Court of Criminal Appeals in *Cooper.* An appellate court has jurisdiction to consider only the denial of pretrial written motions, unless the trial court has given permission to appeal, in plea-bargained cases.

Under the form promulgated by the Court of Criminal Appeals, the trial court's certification of the right to appeal may reflect whether "matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the defendant has the right of appeal," and also whether "the trial court has given permission to appeal, and the defendant has the right of appeal." TEX.R.APP. P. 25.2, 90–91 S.W.3d (Texas Cases) XVII, XXIV (Aug. 28, 2001). In this case, the trial court did not select either of those options. Instead, the trial court certified that this "is a plea-bargain case, and the defendant has NO right of appeal," and "the defendant has waived the right of appeal." This certification is supported by the record.

We therefore have no jurisdiction to consider any of the issues appellant states in his motion for rehearing he wishes to raise. Further, without a certification from the trial court reflecting a right to appeal, we must dismiss the appeal. TEX. R.APP. P. 25.2(d).

We dismiss the appeal for lack of jurisdiction.

The en banc Court is Chief Justice RADACK, and Justices TAFT, NUCHIA, JENNINGS, KEYES, ALCALA, HANKS, HIGLEY, and BLAND.