In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-012 CR


____________________



JOHN FITZGERALD KENNEDY JONES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 92027






MEMORANDUM OPINION


 Appellant John Jones pled guilty, pursuant to a plea bargain, to the felony offense of
burglary of a building. See Tex. Pen. Code Ann. § 30.02 (Vernon 2003). The trial court
sentenced Jones to confinement in the state jail facility for twelve months. Jones appeals.

 Jones asserts that, because of the ineffective assistance of defense counsel, his plea
was not entered voluntarily or knowingly. He contends the State represented to defense
counsel that the prosecution had possession of a videotape evidencing Jones committing the
crime. Jones claims he pled guilty based on this representation, as well as his attorney's
representation that, upon a plea of guilty, Jones would only serve a few months in jail. Jones
states defense counsel was required to do his own investigation to determine if the videotape
existed and should have advised Jones of the range of punishment for the offense charged. 
Jones contends that if defense counsel had conveyed the correct information, he would not
have pled guilty. 

 Texas Rule of Appellate Procedure 25.2(d) states:

 Certification of Defendant's Rights of Appeal. If the defendant
is the appellant, the record must include the trial court's
certification of the defendant's right of appeal under Rule
25.2(a)(2). The certification should be part of the record when
notice is filed, but may be added by timely amendment or
supplementation under this rule or Rule 34.5(c)(1) or Rule 37.1
or by order of the appellate court under Rule 34.5(c)(2). The
appeal must be dismissed if a certification that shows the
defendant has the right of appeal has not been made part of the
record under these rules.


Tex. R. App. P. 25.2(d). The trial court originally certified this was a plea-bargained case
and Jones did not have the right to appeal. An amended certification filed by the court states
this is a plea-bargained case, but certifies Jones's right to appeal because Jones's appeal "is
on matters that were raised by written motion filed and ruled on before trial." However,
Jones's brief only raises the issue of the voluntariness of his plea based upon allegations of
ineffective assistance of counsel, an issue that does not comport with the amended
certification of Jones's right to appeal.

 Rule 25(a)(2) states that in a plea-bargained case an appellant may appeal only "those
matters that were raised by written motion filed and ruled on before trial" or "after getting
the trial court's permission to appeal." Tex. R. App. P. 25.2(a)(2); Estrada v. State, 149
S.W.3d 280, 282 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd). From the trial court's
certification , it is clear the trial court certified an appeal only on matters raised and ruled on
by written motion prior to trial. In plea-bargained cases we have no authority to address
issues other than as authorized by rule 25.2(a)(2). See Estrada, 149 S.W.3d at 283.
Appellant's ineffective assistance of counsel claims do not fall within the category of written
motions raised and ruled on before trial. See Woods v. State, 108 S.W.3d 314, 316 (Tex.
Crim. App. 2003). We have no jurisdiction to address Jones's only issue on appeal. We
dismiss his appeal for want of jurisdiction. 

 DISMISSED.

 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on October 10, 2005

Opinion Delivered December 21, 2005

Do Not Publish


Before Gaultney, Kreger and Horton, J.J.