COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-328-CR

 

 

JEFFERSON LANGSTON                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On May 22, 2006, appellant
Jefferson Langston pled guilty to indecency with a child.  See Tex.
Penal Code Ann. ' 21.11
(Vernon 2003).  Pursuant to a plea
agreement, the trial court sentenced him to six years= confinement.  Also on May 22,
2006, the trial court entered its certification of defendant=s right to appeal in accordance with rule 25.2(a)(2).  Tex.
R. App. P. 25.2(a)(2).  The
certification states that appellant=s case Ais a
plea-bargain case, and the defendant has NO right of appeal@ and that appellant Ahas waived the right of appeal.@

Appellant filed a pro se
notice of appeal on June 7, 2006.  On
July 20, 2006, we dismissed the appeal in accordance with the trial court=s certification because appellant did not show any grounds for
continuing the appeal. See Tex.
R. App. P. 25.2(a)(2), 43.2(f); Cooper v. State, 45 S.W.3d 77, 81
(Tex. Crim. App. 2001).

While the appeal was pending,
unbeknownst to this court, the trial court appointed counsel for appellant, who
filed a motion for new trial.  The trial
court denied that motion, and appellant=s counsel filed a second notice of appeal on August 17, 2006.  That notice purports to appeal the trial
court=s order denying the motion for new trial because at the hearing on the
motion, appellant Ademonstrated
his plea was involuntary.@

On September 22, 2006, we
notified appellant that the certification indicating that he had no right to
appeal and that he had waived his right to appeal had been filed in this court
and that this appeal would be dismissed unless appellant or any party desiring
to continue the appeal filed a response showing grounds for continuing the
appeal.  See Tex. R. App. P. 25.2(a)(2), 44.3.  We have not received any response.  In addition, we have not received an amended
certification of appellant=s right to appeal.








The trial court=s certificationCwhich shows
that it did not give appellant permission to appealCprecludes the appeal of the trial court=s ruling on appellant=s motion for new trial, including appellant=s claim that his plea was involuntary. 
See Carender v. State, 155 S.W.3d 929, 931 (Tex. App.CDallas 2005, no pet.); Estrada v. State, 149 S.W.3d 280,
285 (Tex. App.CHouston [1st
Dist.] 2004, pet. ref=d) (op. on
reh=g en banc); see Cooper, 45 S.W.3d at 81.  Therefore, in accordance with the trial court=s certification, we dismiss the appeal.  See Tex.
R. App. P. 25.2(a)(2), 43.2(f).

 

PER CURIAM

 

PANEL D:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
October 19, 2006











[1]See Tex.
R. App. P. 47.4.