LANGSTON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-328-CR

JEFFERSON LANGSTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On May 22, 2006, appellant Jefferson Langston pled guilty to indecency with a child.  
See
 
Tex. Penal Code Ann.
 § 21.11 (Vernon 2003).
  Pursuant to a plea agreement, the trial court sentenced him to six years’ confinement.  Also on May 22, 2006, the trial court entered its certification of defendant’s right to appeal in accordance with rule 25.2(a)(2).  
Tex. R. App. P.
 25.2(a)(2).  The certification states that appellant’s case “is a plea-bargain case, and the defendant has NO right of appeal” and that appellant “has waived the right of appeal.”

Appellant filed a pro se notice of appeal on June 7, 2006.  
On July 20, 2006, we dismissed the appeal in accordance with the trial court’s certification because appellant did not show any grounds for continuing the appeal. 
See
 
Tex. R. App. P.
 25.2(a)(2), 43.2(f); 
Cooper v. State
, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001).

While the appeal was pending, unbeknownst to this court, the trial court appointed counsel for appellant, who filed a motion for new trial.  The trial court denied that motion, and appellant’s counsel filed a second notice of appeal on August 17, 2006.  That notice purports to appeal the trial court’s order denying the motion for new trial because at the hearing on the motion, appellant “demonstrated his plea was involuntary.”

On September 22, 2006, we notified appellant that the certification indicating that he had no right to appeal and that he had waived his right to appeal had been filed in this court and that this appeal would be dismissed unless appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal.  
See 
Tex. R. App. P.
 25.2(a)(2), 44.3.  We have not received any response.  In addition, we have not received an amended certification of appellant’s right to appeal.

The trial court’s certification—which shows that it did not give appellant permission to appeal—precludes the appeal of the trial court’s ruling on appellant’s motion for new trial, including 
appellant’s claim that his plea was involuntary.  
See Carender v. State
, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.); 
Estrada
 
v. State
, 149 S.W.3d 280, 285 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (op. on reh’g en banc); 
see Cooper
, 45 S.W.3d at 
81.  Therefore, in accordance with the trial court’s certification, we dismiss the appeal.  
See
 
Tex. R. App. P.
 25.2(a)(2), 43.2(f)
.

PER CURIAM

PANEL D: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 19, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.