

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-419-CR

TIMOTHY EDWARD SHAFFER                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

## FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Timothy Edward Shaffer attempts to appeal his conviction for sexual assault of a child under seventeen years of age for which he was sentenced to twenty years' confinement in a judgment dated March 27, 2007. No motion for new trial was filed. Shaffer's notice of appeal was due April 26, 2007, but was not filed until October 15, 2008.

---

[1] *See* Tex. R. App. P. 47.4.

On November 17, 2008, we sent Shaffer a letter stating that the court was concerned that it may not have jurisdiction over his appeal because his notice of appeal was not timely filed. *See* Tex. R. App. P. 26.2. Our letter also stated that the trial court's certification stated that this is a plea-bargain case and that Shaffer had no right of appeal. We instructed Shaffer or any party desiring to continue the appeal to file with the court a response showing grounds for continuing the appeal. Neither Shaffer nor any other party filed a response.

We therefore lack jurisdiction over Shaffer's notice of appeal that was not timely filed. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000) (stating that appellate jurisdiction is invoked by giving timely and proper notice of appeal). Moreover, even if Shaffer's notice of appeal had been timely filed, he had no right of appeal from his plea bargain. The Texas Rules of Appellate Procedure are clear that in a plea-bargain case, an appellant may appeal only "those matters that were raised by written motion filed and ruled on before trial" or "after getting the trial court's permission to appeal." Tex. R. App. P. 25.2(a)(2). There is no exception for the trial court's refusal to grant permission to appeal. *See Estrada v. State*, 149 S.W.3d 280, 282 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). In this case, the trial court certified that this "is a plea-bargain case, and the defendant has NO right of

appeal."  Even if the notice of appeal had been timely, without a certification from the trial court reflecting a right to appeal, we would have had to dismiss the appeal.  *See* Tex. R. App. P. 25.2(d); *Vann v. State*, No. 02-08-00332-CR, 2008 WL 4779601, at *1 (Tex. App.—Fort Worth Oct. 30, 2008, no pet.) (mem. op., not designated for publication).

Having held that the notice of appeal is untimely, we dismiss Shaffer's appeal for lack of jurisdiction.

PER CURIAM

PANEL:  WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 23, 2008

3