COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-419-CR

 

 

TIMOTHY EDWARD SHAFFER                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Timothy Edward Shaffer attempts to
appeal his conviction for sexual assault of a child under seventeen years of
age for which he was sentenced to twenty years=
confinement in a judgment dated March 27, 2007. No motion for new trial was
filed.  Shaffer=s notice
of appeal was due April 26, 2007, but was not filed until October 15, 2008. 








On November 17, 2008, we sent Shaffer a letter
stating that the court was concerned that it may not have jurisdiction over his
appeal because his notice of appeal was not timely filed.  See Tex. R. App. P. 26.2.  Our letter also stated that the trial court=s
certification stated that this is a plea-bargain case and that Shaffer had no
right of appeal.  We instructed Shaffer
or any party desiring to continue the appeal to file with the court a response
showing grounds for continuing the appeal. 
Neither Shaffer nor any other party filed a response.








We therefore lack jurisdiction over Shaffer=s notice
of appeal that was not timely filed.  See
State v. Riewe, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000) (stating that
appellate jurisdiction is invoked by giving timely and proper notice of
appeal).  Moreover, even if Shaffer=s notice
of appeal had been timely filed, he had no right of appeal from his plea bargain.  The Texas Rules of Appellate Procedure are
clear that in a plea-bargain case, an appellant may appeal only Athose
matters that were raised by written motion filed and ruled on before trial@ or Aafter
getting the trial court=s permission to appeal.@  Tex. R. App. P. 25.2(a)(2).  There is no exception for the trial court=s
refusal to grant permission to appeal.  See
Estrada v. State, 149 S.W.3d 280, 282 (Tex. App.CHouston
[1st Dist.] 2004, pet. ref=d).  In this case, the trial court certified that
this Ais a
plea-bargain case, and the defendant has NO right of appeal.@  Even if the notice of appeal had been timely,
without a certification from the trial court reflecting a right to appeal, we
would have had to dismiss the appeal.  See
Tex. R. App. P. 25.2(d); Vann v. State, No. 02-08-00332-CR, 2008 WL
4779601, at *1 (Tex. App.CFort Worth Oct. 30, 2008, no
pet.) (mem. op., not designated for publication).

Having held that the notice of appeal is
untimely, we dismiss Shaffer=s appeal
for lack of jurisdiction.

PER
CURIAM

 

PANEL:  WALKER, J.; CAYCE, C.J.; and MCCOY, J. 

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: December 23,
2008











[1]See Tex. R. App. P. 47.4.