

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00526-CR

BRYAN DENNIS PRICE                                        APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Appellant Bryan Dennis Price attempts to appeal his conviction for kidnapping for which he was sentenced to three years' confinement in a judgment dated January 1, 2009. No motion for new trial was filed. Price's notice of appeal was due February 11, 2009, but was not filed until December 6, 2010.

---

[1]*See* Tex. R. App. P. 47.4.

On December 13, 2010, we sent Price a letter stating that the court was concerned that it may not have jurisdiction over his appeal because his notice of appeal was not timely filed. *See* Tex. R. App. P. 26.2(a)(1). Our letter also stated that the trial court's certification stated that this is a plea-bargain case and that Price had no right of appeal. We instructed Price or any party desiring to continue the appeal to file with the court a response showing grounds for continuing the appeal. Price filed a response, but it did not show grounds for continuing the appeal.

We lack jurisdiction over Price's notice of appeal that was not timely filed. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000) (stating that appellate jurisdiction is invoked by giving timely and proper notice of appeal). Moreover, even if Price's notice of appeal had been timely filed, he had no right of appeal from his plea bargain. The Texas Rules of Appellate Procedure are clear that in a plea-bargain case, an appellant may appeal only "those matters that were raised by written motion filed and ruled on before trial" or "after getting the trial court's permission to appeal." Tex. R. App. P. 25.2(a)(2). There is no exception for the trial court's refusal to grant permission to appeal. *See Estrada v. State*, 149 S.W.3d 280, 282 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). In this case, the trial court certified that this "is a plea-bargain case, and the defendant has NO right of appeal." Even if the notice of appeal had been timely filed, without a certification from the trial court reflecting a right to appeal, we would have had to dismiss the appeal. *See* Tex. R. App. P. 25.2(d); *Vann v.*

2

*State*, No. 02-08-00332-CR, 2008 WL 4779601, at *1 (Tex. App.—Fort Worth Oct. 30, 2008, no pet.) (mem. op., not designated for publication).

Having held that the notice of appeal is untimely and that Price has no right of appeal from his plea bargain, we dismiss Price's appeal for lack of jurisdiction.

PER CURIAM

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 27, 2011