02-10-526-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00526-CR

 

 


 
 
 Bryan Dennis Price
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE
271st District Court OF Wise COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Appellant
Bryan Dennis Price attempts to appeal his conviction for kidnapping for which
he was sentenced to three years=
confinement in a judgment dated January 1, 2009. No motion for new trial was
filed.  Price=s
notice of appeal was due February 11, 2009, but was not filed until December 6,
2010.

On December
13, 2010, we sent Price a letter stating that the court was concerned that it
may not have jurisdiction over his appeal because his notice of appeal was not
timely filed.  See Tex. R. App. P.
26.2(a)(1).  Our
letter also stated that the trial court=s
certification stated that this is a plea-bargain case and that Price had no
right of appeal.  We instructed Price or
any party desiring to continue the appeal to file with the court a response
showing grounds for continuing the appeal. 
Price filed a response, but it did not show grounds for continuing the
appeal.

We
lack jurisdiction over Price=s
notice of appeal that was not timely filed. 
See State v. Riewe, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000) (stating that
appellate jurisdiction is invoked by giving timely and proper notice of
appeal).  Moreover, even if Price=s
notice of appeal had been timely filed, he had no right of appeal from his plea
bargain.  The Texas Rules of Appellate
Procedure are clear that in a plea-bargain case, an appellant may appeal only Athose
matters that were raised by written motion filed and ruled on before trial@ or Aafter
getting the trial court=s permission to appeal.@  Tex. R. App. P. 25.2(a)(2).  There is no exception for the trial court=s
refusal to grant permission to appeal.  See
Estrada v. State, 149 S.W.3d 280, 282 (Tex. App.CHouston
[1st Dist.] 2004, pet. ref=d).  In this case, the trial court certified that
this Ais a
plea-bargain case, and the defendant has NO right of appeal.@  Even if the notice of appeal had been timely
filed, without a certification from the trial court reflecting a right to
appeal, we would have had to dismiss the appeal.  See Tex. R. App. P. 25.2(d); Vann
v. State, No. 02-08-00332-CR, 2008 WL 4779601, at *1 (Tex. App.CFort Worth Oct. 30, 2008, no
pet.) (mem. op., not
designated for publication).

Having
held that the notice of appeal is untimely and that Price has no right of
appeal from his plea bargain, we dismiss Price=s
appeal for lack of jurisdiction.

 

 

PER CURIAM

 

PANEL:  WALKER, MCCOY, and
MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 27, 2011











          [1]See Tex. R. App. P. 47.4.