

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00023-CR

JERRY PAUL LUNDGREN                                                      APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE COUNTY COURT AT LAW OF WISE COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, Appellant Jerry Paul Lundgren pleaded guilty to driving while intoxicated second. *See* Tex. Penal Code Ann. § 49.09(a) (Vernon Supp. 2010). The trial court sentenced Appellant on January 7, 2011, to 365 days' confinement, suspended the sentence of confinement, and placed him on community supervision for eighteen months. The trial court's certification of Appellant's right of appeal states that this "is a plea-bargain case, and the

---

[1]*See* Tex. R. App. P. 47.4.

defendant has NO right of appeal." Appellant filed a notice of appeal on January 19, 2011. Concerned that we did not have jurisdiction over this appeal, we sent a letter to Appellant's retained counsel requesting a response by January 31, 2011, showing grounds for continuing the appeal. We have not received a response.[2] Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f).

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 3, 2011

---

[2]We did receive a copy of a motion for new trial that was filed in the trial court on January 28, 2011. This does not, however, address the issue of the trial court's certification. *See Estrada v. State*, 149 S.W.3d 280, 282 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (op. on reh'g and for en banc reconsideration) (stating that there is no exception for the trial court's refusal to grant permission to appeal).