02-11-083-CR












 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND DISTRICT OF
 TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00083-CR

 

 


 
 
 FREDDIE ADAMS
 
 
  
 
 
 APPELLANT
 
 


 

V.

 


 
 
 THE
 STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

         
Appellant Freddie Adams filed a motion for new trial on his resisting arrest
conviction, for which he received forty-two days’ confinement pursuant to a
plea bargain.  The trial court denied the motion, and Adams now attempts
to appeal that ruling.

         
On March 24, 2011, we sent Adams a letter stating that the trial court’s
certification of his right to appeal states that this is a plea-bargain case
and that he has no right of appeal.  See Tex. R. App. P. 25.2(a)(2).  We instructed Adams or any party desiring to
continue the appeal to file a response by April 4, 2011, showing grounds for
continuing the appeal or the appeal may be dismissed.  See Tex. R.
App. P. 25.2(d), 44.3.  Adams filed a response, but it did not show
grounds for continuing the appeal.

The Texas Rules of Appellate
Procedure are clear that in a plea-bargain case, an appellant may appeal only Athose matters that were raised by written
motion filed and ruled on before trial@ or Aafter getting the trial court=s permission to appeal.@  Tex. R. App. P.
25.2(a)(2).  There is no exception for an adverse ruling on a motion for
new trial.  See Estrada v. State, 149 S.W.3d
280, 282 (Tex. App.CHouston
[1st Dist.] 2004, pet. ref=d) (op. on reh’g).  In this
case, the trial court certified that this Ais a plea-bargain case, and the
defendant has NO right of appeal.@  Without a certification from the
trial court reflecting a right to appeal, we must dismiss the appeal.  See
Tex. R. App. P. 25.2(d).

Because Adams has no right of appeal
from his plea bargain, we dismiss his appeal for lack of jurisdiction.

 

 

                                                                            
PER CURIAM

 

PANEL:  MCCOY, MEIER,
and GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 19, 2011
PER CURIAM














[1]See
Tex. R. App. P. 47.4.