**Opinion issued July 12, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

———————

## NO. 01-12-00319-CR

———————

## FIDEL HERNANDEZ-GONZALEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 177th District Court
### Harris County, Texas
### Trial Court Cause No. 1312124

---

### MEMORANDUM OPINION

Appellant, Fidel Hernandez-Gonzalez, pleaded guilty to the felony offense of aggravated sexual assault of a child. The trial court found appellant guilty and, in accordance with the terms of appellant's plea agreement with the State, sentenced appellant to confinement for nine years in the Institutional Division of the Texas

Department of Criminal Justice. Appellant has filed a pro se notice of appeal. We dismiss the appeal.

In a plea bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea-bargain case and that the appellant has no right of appeal.[1] *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who

---

[1] Appellant's notice of appeal indicates that appellant wishes to challenge the voluntariness of his guilty plea with a claim of ineffective assistance of counsel. Appellant cannot, however, raise the voluntariness of his plea or a claim of ineffective assistance of counsel on direct appeal, absent the trial court's permission. *See Cooper v. State*, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001) (holding that voluntariness of guilty plea may not be raised on appeal from plea-bargained felony conviction); *Estrada v. State*, 149 S.W.3d 280, 283 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (concluding that claim of ineffective assistance of counsel may not be raised in appeal from plea-bargained case, unless authorized by trial court).

plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).