COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Lauro Mario Gomez-Arroyo v. The State of Texas

Appellate case number:    01-12-00280-CR

Trial court case number:  1330622

Trial court:              180th District Court of Harris County, Texas

On December 19, 2011, appellant Lauro Mario Gomez-Arroyo pleaded guilty to the felony charge of possession of a controlled substance. The trial court found appellant guilty, and in accordance with the terms of appellant's plea agreement with the State, sentenced appellant to confinement in the Harris County Jail for six months. The trial court entered a certification of defendant's right to appeal as required by Texas Rule of Appellate Procedure 25.2(a)(2), certifying that this is a plea-bargain case, and the appellant has no right of appeal.

On January 18, 2012, appellant timely filed a motion for new trial. The motion for new trial was denied on February 10, 2012. The denial of a motion for new trial is not an appealable order, and therefore the trial court was not required to enter a certification with respect to the order denying the motion for new trial. *See* TEX. R. APP. P. 25.2(a)(2) (the trial court shall complete a certification each time a judgment or other appealable order is entered); *Estrada v. State*, 149 S.W.3d 280, 284 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (denial of motion for new trial is not an appealable order).

However, the trial court entered a certification with respect to the denial of the motion for new trial, certifying that this is not a plea-bargain case, and the appellant has the right of appeal. Appellant filed a notice of appeal from the denial of the motion for new trial on March 7, 2012. The certification entered by the trial court with respect to the denial of the motion for new trial is not supported by the record, because the record indicates that this case is a plea-bargain case.

Rule 25.2(a)(2) limits the right to appeal in a plea bargain case to those matters that were raised by a written motion filed and ruled on before trial or those matters for which the trial court has given permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). There is no evidence in the record that the trial court granted the appellant permission to appeal the denial of the motion for new trial. Unless the trial court granted appellant permission to appeal the denial of the motion for new trial, the denial of the motion for new trial is not appealable. *See Estrada*, 149 S.W.3d at 284.

We therefore abate this appeal and remove it from this Court's active docket. We direct the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel Franklin Bynum shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court shall have a court reporter record the hearing. The trial court is directed to make written findings regarding whether the trial court previously granted or did not grant appellant permission to appeal the denial of the motion for new trial. These written findings must be contained in a separate written order, and not a docket sheet entry. If a revised certification reflecting that the trial court granted permission to appeal is appropriate, the trial court shall enter a revised certification, signed by the trial court judge, the appellant's attorney, and appellant. If no revised certification is needed because the trial court judge did not grant permission to appeal the denial of the motion for new trial, written findings from the trial court that no permission to appeal was granted shall be sufficient.

The written findings of the trial court, and an amended certification if appropriate, shall be included in a supplemental clerk's record and sent to this Court **within 30 days of the date of this order**. The reporter's record of the abatement hearing shall likewise be sent to this Court **within 30 days of the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the abatement hearing are filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties of such date.**

It is so ORDERED.


Judge's signature:/s/ <u>Justice Rebeca Huddle</u>
          ☑ Acting individually   ☐ Acting for the Court


Date:  August 20, 2012

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.