ACCEPTED
04-15-00321-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/16/2015 2:24:38 PM
KEITH HOTTLE
CLERK

**No. 04-15-00321-CR**

IN THE
FOURTH COURT OF APPEALS OF TEXAS
AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/16/2015 2:24:38 PM
KEITH E. HOTTLE
Clerk

**BRYAN KRYSTOPHER ANDERS**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

**RESPONSE TO THE ORDER PROPOSING TO DISMISS THIS APPEAL PURSUANT RULE 25.2(d) OF THE TEXAS RULES OF APPELLATE PROCEDURE**

TO THE HONORABLE COURT OF APPEALS:

Comes now BRYAN KRYSTOPHER ANDERS, Appellant, by and through undersigned counsel, in reply to the ORDER of this Honorable Court dated June 23, 2015, and shows the Court the following:

**I.      Procedural history:**

Anders was charged by indictment in cause number 2015CR1954 with one count of possession with intent to deliver a controlled substance in penalty group 2, (MDMA) having an aggregate weight of 4 grams or more but less than 400 grams, and one count of possession of a controlled substance in penalty group 2, (MDMA) having an aggregate weight of 4 grams or more but less than 400 grams. (CR at 4). Both felony offenses were alleged to have been committed in Bexar County,

Texas, on or about July 2, 2014. Anders was represented by attorney Jamie Balagia.

On April 20, 2015, pursuant to a written plea agreement with the State, Anders pleaded nolo contendere to both counts alleged in the indictment. The parties agreed in writing that the punishment would be assessed at 15 years of imprisonment and the State would make no recommendation to the trial court on Ander's application for probation. (CR at 31). As part of the plea agreement, Anders agreed in writing to voluntarily waive the right of appeal. (CR at 31) . By her signature, the trial court approved Anders' waiver and voluntary relinquishment of his known rights, including his waiver of the right of appeal. (CR at 35).

On April 28, 2015, the trial court, the Honorable Mary Roman presiding, followed the terms of the plea agreement and sentenced Anders to 12 years of imprisonment in the Institutional Division for each count, with no fine. (CR at 82-5). The sentences were ordered to be served concurrently with the sentences imposed in cause number 2015CR1955. (CR at 82, 84). The trial court accurately certified that this is a plea-bargain case and that Anders has "NO right of appeal." (CR at 81). By his signature on the certifications, Anders acknowledged that he was informed that he has no right of appeal.

On May 20, 2015, through his trial counsel, Anders filed a motion for new trial. Anders argued that he was sentenced without the trial court having the benefit of reviewing letters from family members and friends. (CR at 86). Letters from quite a number of family members and friends are attached to the motion for new trial and were available for the trial court to review. (CR 90-106). Nevertheless, the motion for new trial was overruled by the operation of law on July 12, 2015. TEX. R. APP. P. 21.8.

Despite having waived the right of appeal as part of his plea agreement, Anders timely filed a notice of appeal with the District Clerk on May 20, 2015. (CR at 107). On July 10, 2015, the trial court appointed the Bexar County Public Defender's Office to represent Anders in his attempted appeal. (Supplemental CR at 6). The clerk's record was filed on June 5, 2015. On June 23, 2015, this Court gave written notice that the appeals will be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that Anders has the right to appeal is made part of the appellate record by July 20, 2015. This is court-appointed counsel's response to the Court's ORDER.

## II.    No right of appeal:

In a plea-bargain case where the sentence does not exceed the agreed-upon punishment, the defendant may appeal only matters that were raised by written motion and ruled upon before trial, or by getting the trial court's written

certification that he has permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).

This was a plea-bargain case. As noted above, the clerk's record shows that Anders entered a no-contest plea to the charged offenses pursuant to the terms of a written plea agreement with the State. The trial court followed that plea agreement—and actually departed below the agreed-upon term of imprisonment— by sentencing Anders to 12 years of imprisonment with the sentences to run concurrently with cause number 2015CR1955. The trial court accurately certified that this is a plea-bargain case and that Anders has "NO right of appeal" because the plea agreement was followed. Anders, by his signature, acknowledged that he was informed that he has no right of appeal. Further, he voluntarily waived the right of appeal in writing when he signed the written plea agreement. For these reasons, the trial court's certification of the defendant's right of appeal accurately reflects that this is a plea-bargain case, that the terms of the plea bargain were followed, and that Anders has no right of appeal.

## III. Waiver:

A defendant may waive the right of appeal, as long as the waiver is made "voluntarily, knowingly, and intelligently." *See* TEX. CODE CRIM. PROC. art. 1.14

("The defendant in a criminal prosecution for any offense may waive any rights secured him by law."); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009). The record shows that Anders voluntarily waived the right of appeal in writing as part of the plea agreement and the trial court approved that waiver. Undersigned counsel can identify nothing in the clerk's record to show that the trial court failed to follow the terms of the plea bargain, or that Anders' written waiver of the right of appeal was involuntary.

Since Anders has validly and voluntarily waived the right of appeal and accepted the benefit of his plea bargain, this Court has not acquired jurisdiction over the attempted appeals in these cases. *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014)("...because Appellant had validly waived his right to appeal, the court of appeals never acquired jurisdiction."). If Anders now wishes to argue that he received ineffective assistance from his plea counsel or that his no-contest plea was involuntary, he will have to raise those arguments in a post-conviction writ. He cannot make those arguments in this attempted appeal. *See* TEX.R.APP.P. 25.2(a)(2).

Nor may Anders appeal from the denial of the motion for new trial or argue on appeal that the trial court should have reduced his sentence after being presented with the letters from his friends and family. *Estrada v. State*, 149 S.W.3d 280, 285 (Tex. App. —Houston [1st Dist.] 2004, pet. ref'd)("[T]he denial of a

5

motion for new trial, regardless of the ground or grounds raised in the motion, is not appealable in a plea-bargained case without the trial court's permission.").

## IV. No amended trial court certification will be sought by counsel:

For all of the reasons stated above, the undersigned attorney can find no right of appeal for Anders. Nothing in the record suggests that the trial court gave Anders permission to appeal or that any appealable pretrial motions were filed and ruled on. In fact, as noted above, Anders explicitly waived the right of appeal in writing as part of the plea agreement. The waiver is enforceable against him. For that reason alone, the trial court's certification that he has no right of appeal is accurate. *Marsh*, 444 S.W.3d at 660.

In short, undersigned counsel can find no reason to seek an amended certification from the trial court that would give Anders the right of appeal. The certification is accurate in that it comports with the proceedings in the trial court. Therefore, the undersigned cannot prevent this Court from dismissing this attempted appeal. Undersigned counsel also cannot raise legal claims—such as an argument that plea counsel rendered ineffective assistance —in this attempted direct appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006)(where the defendant has no right to appeal after his plea bargain, dismissal of the appeal is required, with no inquiry by the appellate court into even possibly meritorious claims).

## V. Relief available:

Although the Court of Appeals will dismiss this this appeal, Anders may still challenge his convictions *after the mandate issues* by filing an application for a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. He may also seek relief by filing an original petition for a writ of certiorari with the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 4.04 (West 2005), and TEX. CONST. art. V, § 5. However, undersigned counsel is appointed to represent Anders on these attempted direct appeals only. He will not represent or assist Anders with any post-conviction or original-proceeding challenges to his conviction and sentence in these cases. Anders will have to pursue those remedies on his own, or with retained counsel, if he so chooses.

WHEREFORE, undersigned counsel, is compelled to concede that Anders has no right of appeal from the underlying criminal case and must also concede that the Honorable Court of Appeals may dismiss this appeal for that reason. No amended certification of the defendant's right of appeal will be sought.

Respectfully submitted,

/s/ Richard B. Dulany, Jr.

_____
RICHARD B. DULANY, JR.
Texas Bar No. 06196400
Assistant Public Defender
Bexar County Public Defender's Office
101 W. Nueva St., Suite 310
San Antonio, Texas 78205

7

(210) 335-0701
FAX (210) 335-0707
richard.dulany@bexar.org

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE AND COMPLIANCE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing response has been delivered electronically to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St., Suite 710, San Antonio, Texas 78205, on **July 16, 2015**. The total word count is 1,690, not including the appendix.

/s/ Richard B. Dulany, Jr.

_____

RICHARD B. DULANY, JR.

Appendix:  Trial Court's Certification of Defendant's Right of Appeal in cause
numbers 2015CR1954

## PLEA BARGAIN

I, the undersigned Defendant, together with my counsel and counsel for the State, agree that in exchange for the Defendant's agreement to plead guilty or nolo contendere, to allow the State to prove its case by means of written stipulations. The State may make recommendations regarding punishment; however, it is understood by all that even in the event the parties agree to recommend specific conditions and terms of community supervision or deferred adjudication or the length of supervision that such recommendations are not part of the formal plea agreement and are not binding on the Court. All parties understand and agree that the terms, conditions and length of supervision of community supervision or deferred adjudication are to be determined and assessed solely within the Court's discretion. It is further understood and agreed by the parties that in the event the Court assessed terms, conditions and or a length of supervision of community supervision or deferred adjudication different from those agreed to by the parties, that such difference shall not constitute grounds for setting aside the Defendant's plea in this cause. **If the court grants deferred adjudication, the State does not recommend any term of years as part of the plea agreement. All parties agree that if deferred adjudication is subsequently revoked, Defendant may be sentenced to any term of years within the range of punishment provided by law for this offense.**

It is mutually agreed and recommended by the parties:

_____Prosecution to proceed only on Count(s) _____Prosecution for lesser included offense of _____

_____Defendant agrees that he has been previously convicted of one/two or more felonies for enhancement under 12.42 P.C.

_____Class A Misdemeanor punishment with State jail Felony Conviction under 12.44 P.C.

__X__Punishment to be assessed at ____15____ years

_____Fine $_____

_____Affirmative Finding of Deadly Weapon or 3G offense, Defendant not eligible for supervision under CCP42.12,Sec.3

_____There is no application for community supervision/deferred adjudication.

__X__State will make no recommendation of Defendant's deferred adjudication/community supervision application. State reserves right to speak as to factual issues relevant to Defendant's punishment.

~~_____State opposes community supervision/deferred adjudication.~~

_____State recommends community supervision.

_____State recommends deferred adjudication.

_____Concurrent with: _____

_____Causes taken into consideration: _____

_____Restitution to be determined by the Court through the Community Supervision office or $_____

_____Payable to victim in this cause number only: _____

_____Payable to victims under: _____

_____Other: _____

## WAIVER OF APPEAL

I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement. In addition, if and when I am sentenced to the Texas Department of Criminal Justice on this case, I hereby request transfer to said institution.

4-20-15

DEFENDANT                          DATE                          COUNSEL FOR DEFENDANT

The above terms constitute our agreement, and there are no agreements not set forth above. The Defendant and Counsel request the Court to follow the plea bargain.

ASSISTANT DISTRICT ATTORNEY          ATTORNEY FOR DEFENDANT          DEFENDANT

NOTE: The parties are not allowed to make binding agreements regarding the length of community supervision or the terms and conditions of community supervision, which are totally dependent upon the Court's discretion. The following recommendations do not constitute part of the formal plea agreement. However, the (State) (both parties) make the following non-binding recommendations:

_____Community Supervision be granted for_____ years

_____Treatment Alternative to Incarceration Program          _____Days in Bexar County Jail or State Jail (circle one)

_____Hours Community Service                              _____Substance abuse treatment facility

_____Days Electronic Monitoring                          _____Zero Tolerance Bootcamp or State Bootcamp Program (circle one)

_____No contact with _____

Other Punishment recommendations: _____

_____

31