

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00268-CR

_____

KEVIN J. JONES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1469217D

---

Before Sudderth, C.J.; Gabriel and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant Kevin J. Jones attempts to appeal his conviction for robbery causing bodily injury for which he was sentenced to five years' confinement in a judgment dated September 8, 2017. No motion for new trial was filed, so Jones's notice of appeal was due October 9, 2017, but it was not filed until July 9, 2019. *See* Tex. R. App. P. 26.2(a)(1).

On the same day he filed his notice of appeal, we sent Jones a letter stating that the court was concerned that it may not have jurisdiction over his appeal because his notice of appeal was not timely filed. *See* Tex. R. App. P. 26.2(a)(1). Our letter also stated that the trial court's certification specified that this is a plea-bargain case and that Jones had no right of appeal. We instructed Jones or any party desiring to continue the appeal to file with the court a response showing grounds for continuing the appeal. Jones filed a response, but it did not show grounds for continuing the appeal.[1]

We lack jurisdiction over Jones's notice of appeal that was not timely filed. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000) (stating that appellate jurisdiction is invoked by giving timely and proper notice of appeal). Moreover, even

---

[1]Although Jones's response is very difficult to read and at times illegible, it appears as though Jones argues that he has been wrongly convicted of this charge and that his attorney at trial conspired with the district attorney to ensure that this case never went to trial. But Jones does not coherently explain why his notice of appeal was filed almost two years after the trial court rendered its judgment nor does he present an argument that the trial court's certification is incorrect.

if Jones's notice of appeal had been timely filed, he had no right of appeal from his plea bargain. The Texas Rules of Appellate Procedure are clear that in a plea-bargain case, an appellant may appeal only those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2). There is no exception for the trial court's refusal to grant permission to appeal. *See Estrada v. State*, 149 S.W.3d 280, 282 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). In this case, the trial court certified that this is a plea-bargain case and that Jones "has NO right of appeal." Because Jones's notice of appeal was not timely filed and because he has no right of appeal from his plea bargain, we dismiss Jones's appeal for lack of jurisdiction. *See* Tex. R. App. P. 25.2(d); *Vann v. State*, No. 02-08-00332-CR, 2008 WL 4779601, at *1 (Tex. App.—Fort Worth Oct. 30, 2008, no pet.) (mem. op., not designated for publication).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 15, 2019