Opinion issued October 1, 2020



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00279-CR

———————————

**SATURNINO LAGUNAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1549483**

---

## MEMORANDUM OPINION

After appellant, Saturnino Lagunas, without an agreed punishment recommendation from the State, pleaded guilty to the felony offense of aggravated sexual assault of a child under the age of fourteen, the trial court assessed his

punishment at confinement for forty years.[1]  Appellant filed a motion for new trial, which the trial court denied.  Appellant then filed a timely notice of appeal of the trial court's denial of his motion for new trial.

We dismiss the appeal for lack of jurisdiction.

The trial court's certification of appellant's right to appeal reflects that appellant has "waived the right of appeal."  This certification is supported by the appellate record.

As a part of his plea agreement with the State, appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," which states that the "State agree[d] to waive its right to a jury trial and mandatory prison sentence on finding of guilt, in exchange for [appellant's] agreement to waive his right to appeal." *See, e.g.*, *Flores v. State*, Nos. 01-20-00243-CR to 01-20-00246-CR, 2020 WL 2988564, at *1–2 (Tex. App.—Houston [1st Dist.] June 4, 2020, no pet.) (mem. op., not designated for publication) (explaining that "[b]y agreeing to waive its right to a jury trial, or by providing the required consent for [the defendant] to waive his right to a jury trial, the State gave consideration for [the defendant's] waiver of his right to appeal").  And the trial court issued written admonishments, initialed and signed by appellant, including an admonishment stating that the trial court "must give its permission to [appellant] before [appellant] may prosecute an

---

[1]      *See* TEX. PENAL CODE ANN. § 22.021.

appeal on any matter in th[e] case except for those matters raised by [appellant] by written motion filed prior to trial."

The Texas Rules of Appellate Procedure clearly set out the right to appeal for criminal defendants. Texas Rule of Appellate Procedure 25.2(a) states that in a case where a defendant voluntarily pleaded guilty, the defendant may only appeal "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2)(A)-(B).

Here, appellant attempts to appeal from the trial court's denial of his motion for new trial. "The simple fact is that the denial of a motion for new trial, regardless of the ground or grounds raised in the motion, is not appealable in a plea-bargained case without the trial court's permission." *Estrada v. State*, 149 S.W.3d 280, 285 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). The record here is clear that appellant voluntarily waived his statutorily created right of appeal in exchange for the State waiving its right to a jury trial. The record is further clear that the trial court did not grant appellant permission to appeal. Absent permission to appeal, an appellate court lacks jurisdiction to consider an appeal of a post-trial motion, such as appellant's appeal of the trial court's denial of his motion for new trial. *Id.*

Accordingly, we have no jurisdiction to consider appellant's appeal and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Lloyd, and Landau.

Do not publish.   TEX. R. APP. P. 47.2(b).