**Dismissed and Memorandum Opinion filed February 28, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00112-CR

### LOUIS JAMES MACKEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1342497**

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to a third offense of driving while intoxicated. In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant on December 26, 2012, to confinement for five years in the Institutional Division of the Texas Department of Criminal Justice. No motion for new trial was filed. Appellant filed a *pro se* notice of appeal on January 30, 2013.

Appellant's notice of appeal was filed more than thirty days after sentence was imposed. *See* Tex. R. App. P. 26.2(a). However, the notice is dated January

15, 2013, and it may have been timely mailed. *See Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010) (citing *Houston v. Lack*, 487 U.S.266, 275, 208 S.Ct. 2379 (1988), and stating that prisoner-mailbox rule provides that a *pro se* prisoner is deemed to have filed his properly addressed notice of appeal at the time it is delivered to the appropriate prison authorities for forwarding to the clerk of the convicting court). Because we conclude that appellant has no right to appeal, we need not verify that the notice of appeal was delivered to prison authorities within thirty days of sentencing.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after receiving the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. Tex. R. App. P. 25.2(d); *see also Chavez v. State,* 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (holding court of appeals must dismiss prohibited appeal without further action).

The trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). There is nothing in the record to support a finding that appellant filed written pre-trial motions that were ruled on before trial.[1] *See* Tex. R. App. P. 25.2(a)(2)(A); *see also Chavez,* 183 S.W.3d at 680. There is also nothing in the record to reflect that the trial court

---

[1] The record reflects that on January 30, 2013, after his sentencing, appellant filed a motion to withdraw his guilty plea, which the trial court denied. This ruling does not provide a basis for a direct appeal absent the trial court's permission. *See Cooper v. State*, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001) (holding that voluntariness of guilty plea may not be raised on appeal from plea-bargained felony conviction); *Estrada v. State*, 149 S.W.3d 280, 283 (Tex. App.— Houston [1st Dist.] 2004, pet. ref'd) (concluding that claim of ineffective assistance of counsel may not be raised in appeal from plea-bargained case, unless authorized by trial court).

granted permission to appeal. Therefore, the record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Frost, Brown, and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).