**Opinion issued April 11, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

NO. 01-12-00889-CR
NO. 01-12-00890-CR

_____

**JOSEPH MARTIN VELA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1327570 and 1353262**

---

### MEMORANDUM OPINION ON REHEARING

On March 5, 2013, we granted the motion by appellant Joseph Martin Vela

to dismiss the appeals in cause numbers 01-12-00889-CR and 01-12-00890-CR.

On March 22, 2013, appellant filed a pro se motion for rehearing, seeking to

reinstate his appeals, which we forwarded to appellant's counsel. *See* TEX. R. APP. P. 49.1. We deny the motion for rehearing, but withdraw our March 5, 2013 opinion and judgments. We issue this opinion and these judgments in their stead.

In appellate cause number 01-12-00889-CR (trial court cause number 1327570), appellant pleaded guilty to the offense of aggravated assault with a deadly weapon. In accordance with appellant's plea agreement with the State, the trial court deferred adjudication and placed appellant on community supervision for five years, with a $500 fine. The State later moved for adjudication. The record reflects that appellant and his attorney signed a stipulation of evidence and judicial confession, in which appellant pleaded "true" to the allegations in the State's motion to adjudicate. The document contains an agreement that the State would recommend punishment of confinement for eight years and a $500 fine. Appellant initialed the "Waiver of Appeal," which states, "As part of my agreement with the prosecutor to plead true, I agree to waive any right to appeal I may have concerning any issue or claim in this case, including my plea of true or admission of guilt." The trial court found the State's allegations true, adjudicated appellant guilty of the underlying offense, and in accordance with appellant's agreement with the State, assessed punishment of confinement for eight years and a $500 fine. The trial court entered an affirmative finding that appellant used or

exhibited a deadly weapon, namely, a hammer. The trial court certified that appellant waived the right of appeal.

When a defendant waives his right of appeal as part of an agreement on sentencing and the agreement is followed by the trial court, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). The record shows that the trial court did not give its permission to appeal; rather, it certified that appellant waived the right of appeal.

In appellate cause number 01-12-00890-CR (trial court cause number 1353262), appellant pleaded guilty to the offense of attempted sexual assault. The trial court found appellant guilty and, in accordance with appellant's plea agreement with the State, assessed punishment of confinement for eight years, to run concurrently. The trial court certified that the case is a plea-bargain case and that appellant has no right of appeal.

The trial court's certification that appellant has no right of appeal is supported by the record. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005). There were no matters raised by appellant in a written motion filed and ruled on before trial, and the trial court has not granted permission to appeal. *See* TEX. R. APP. P. 25.2(d).

3

When, as here, a certification showing that the appellant has the right of appeal has not been made part of the record, we must dismiss the appeal. *See* TEX. R. APP. P. 25.2(d). Because we lack jurisdiction to hear these appeals, we must dismiss the appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (stating that appeal must be dismissed "without further action, regardless of the basis for the appeal" if the trial court's certification shows there is no right to appeal).

Appellant acknowledges on rehearing that he has no right of appeal in these cases; however, he contends that we should take jurisdiction of the appeals because his pleas were involuntary. Appellant contends that his counsel was ineffective because, inter alia, counsel failed to investigate and raise the issue of appellant's mental competency to stand trial.

Appellant cannot raise the voluntariness of his plea or a claim of ineffective assistance of counsel on direct appeal, absent the trial court's permission. *See Cooper v. State*, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001) (holding that voluntariness of guilty plea may not be raised on appeal from plea-bargained felony conviction); *Estrada v. State*, 149 S.W.3d 280, 283 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (concluding that claim of ineffective assistance of counsel may not be raised in appeal from plea-bargained case, unless authorized by trial court); *see e.g.*, *Parras v. State*, No. 01-10-00825-CR, 2011 WL 1103147, at

*1 (Tex. App.—Houston [1st Dist.] Aug. 24, 2011, pet. ref'd) (not designated for publication) (dismissing appeal in plea-bargain case in which appellant asserted that his plea was involuntary because he was on medication and thought he was signing to purchase a house).[1]

We dismiss the appeals for lack of jurisdiction. We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appellant may complain that his plea was involuntary on the basis of mental health issues in an application for writ of habeas corpus. *See Bone v. State*, 77 S.W.3d 828, 837 n.30 (Tex. Crim. App. 2002); *Thompson v. State*, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999); *see e.g.*, *Ex parte Powell*, No. WR–70976–01, 2008 WL 5181705, at *2 (Tex. Crim. App. Dec. 10, 2008) (order, not designated for publication) (holding petition for habeas relief in abeyance until trial court resolved fact issues concerning whether applicant's plea was involuntary because he was schizophrenic and was taking medication, which impeded his understanding of court proceedings when he entered his plea, and whether counsel failed to adequately investigate his mental competency).