**Opinion issued January 15, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-18-00480-CR

NO. 01-18-00481-CR

NO. 01-18-00482-CR

———————————

**PAULA SINCLAIR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause Nos. 17-DCR-079457, 17-DCR-079458, 17-DCR-079460

**MEMORANDUM OPINION**

Pursuant to agreements with the State, appellant, Paula Sinclair, pleaded guilty to three felony offenses of injury to a child, serious bodily injury.[1] In each proceeding, the trial court accepted the plea agreement, found appellant guilty, and assessed her punishment at confinement for thirty-five years, with the sentences to run concurrently. The trial court certified that each case is a plea-bargained case and appellant has no right of appeal.[2] Appellant filed notices of appeal, stating that she was appealing "from the trial court's denial of her motion for new trial." We dismiss the appeals.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2). Here, the record in each proceeding does not reflect the trial court's permission to appeal or any pretrial motions that could be appealed. And, in each proceeding, the trial court's certification is included in the record and states that the case is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Each record supports the trial court's certification. *See Dears v. State*,

---

[1]  *See* TEX. PENAL CODE ANN. § 22.04(a)(1), (b)(1), (e); TEX. FAM. CODE ANN. § 151.001.

[2]  The trial court also certified that appellant had waived the right to appeal. A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009); *see also Blanco v. State,* 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000) (concluding waiver was valid when defendant waived right to appeal in exchange for recommended sentence).

154 S.W.3d 610, 615 (Tex. Crim. App. 2005); *see also Estrada v. State*, 149 S.W.3d 280, 285 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (explaining denial of motion for new trial is not appealable in plea-bargained case without trial court's permission). Because appellant has no right of appeal, we must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see, e.g.*, *Zendejas v. State*, No. 05-16-00848-CR, 2016 WL 6078569, at *2 (Tex. App.—Dallas Oct. 17, 2016, no pet.) (mem. op., not designated for publication) (concluding appellant's notice of appeal was ineffective to invoke court of appeals' jurisdiction over matters raised in motion for new trial when he entered into plea-bargain agreement and waived right to appeal).

Accordingly, we dismiss the appeals for want of jurisdiction.[3] We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Kelly, and Hightower.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

[3] The Clerk of this Court notified appellant that the appeals were subject to dismissal for lack of jurisdiction unless she filed a response showing how this Court has jurisdiction over her appeals. *Cf.* TEX. R. APP. P. 42.3(a). Appellant did not respond.