**Dismissed and Opinion Filed May 2, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-01203-CR

**BILLY ROY HIGH, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-83825-2020**

## MEMORANDUM OPINION

Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Breedlove

Appellant appeals his conviction for driving while intoxicated. Appellant pleaded nolo contendere, and pursuant to a plea bargain, the trial court deferred adjudication of appellant's guilt, placed him on community supervision for twelve months, and imposed a fine of $200. One of the terms of the plea bargain was that appellant "waives right to appeal." We conclude we lack jurisdiction over this appeal because it is an appeal from a plea bargain, the trial court did not grant permission to appeal, the record contains no pretrial motions ruled on before trial,

and no statute authorizes appeal of this case. Also, appellant waived the right to appeal. Accordingly, we dismiss this appeal for want of jurisdiction.

A defendant in a criminal case has the right of appeal as set out in the Code of Criminal Procedure and the Rules of Appellate Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a) Rule of Appellate Procedure 25.2 provides that in "a plea-bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," a defendant may appeal only "those matters that were raised by written motion filed and ruled on before trial," "after getting the trial court's permission to appeal," or "where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). When an appeal from a plea bargain is not authorized by Rule 25.2, "[a] court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process," *Lundgren v. State*, 434 S.W.3d 594, 599 (Tex. Crim. App. 2014), and "no inquiry into even possibly meritorious claims may be made," *Chavez*, 183 S.W.3d at 680.

–2–

In this case, appellant was charged by information (filed July 10, 2020) with driving while intoxicated on October 21, 2019. On November 10, 2023, appellant signed a waiver of his rights to jury trial, confrontation, and presentation of witnesses. He also waived his rights to ten days to prepare for trial and ten days' notice of any hearing.

The plea agreement, styled "Sentence Recommendation," states appellant agreed to plead "no contest" and the State would recommend deferred adjudication for 12 months, a $200 fine plus court costs, and certain specific conditions of community supervision. The agreement also provided appellant would receive 87 days jail-time credit. The agreement also stated that appellant "waives right to appeal and the right to file a motion for new trial." The agreement provided that the State approved and consented to appellant's waiver of a trial by jury and that the State waived its right to trial by jury. The "Sentence Recommendation" was signed by appellant, his attorney, and the assistant criminal district attorney.

During the plea hearing, the trial court asked appellant if he was asking the trial court to follow the plea agreement, and appellant said, "Yes, Your Honor." The trial court told appellant, "In a moment, I'm going to ask you to plead guilty or not guilty. You can plead no contest if you wish. If you plead guilty or no contest, there will be no appeal of your plea." Appellant stated that he understood. The trial court then asked appellant, "As to the driving while intoxicated, how do you plead?"

Appellant answered, "No contest, Your Honor." The trial court stated the agreement would be followed, and the court deferred adjudication of appellant's guilt and ordered community supervision in accordance with the agreement. The trial court's certification of defendant's right of appeal states, "I certify that this criminal case: Is a plea-bargain case, and the defendant has NO right of appeal; the defendant has waived the right of appeal."

The record in this case shows appellant pleaded nolo contendere[1] and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. The clerk's record does not contain any motion ruled on before trial; the certification of appellant's right of appeal shows the trial court did not grant appellant permission to appeal; and no statute expressly authorizes this specific appeal. Therefore, under Rule 25.2(a), appellant has no right of appeal. *See Chavez*, 183 S.W.3d at 680.

Rule 25.2(d) requires the court of appeals to dismiss the appeal if there is no certification from the trial court showing the defendant has the right of appeal. TEX. R. APP. P. 25.2(d). The certification affirmatively shows appellant did not have the right to appeal, and the certification is supported by the record. Therefore, we must

---

[1] A plea of "no contest" is a plea of "nolo contendere," and the terms are used interchangeably. *See, e.g., Jones v. State*, 05-20-00476-CR, 2022 WL 17750551, at *3 (Tex. App.—Dallas Dec. 19, 2022, pet. ref'd) (mem. op; not designated for publication).

–4–

dismiss the appeal. *Id.*; *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

We requested the parties to file briefs addressing the jurisdictional issue, and appellant filed a brief.

Appellant asserts his appeal is authorized by articles 42A.110(a) and 42A.755(e) of the Texas Code of Criminal Procedure. Article 42A.110 is titled, "Proceedings After Adjudication" and provides, "After an adjudication of guilt, all proceedings including . . . defendant's appeal, continue as if the adjudication of guilt had not been deferred." TEX. CODE CRIM. PROC. ANN. art. 42A.110(a). This statute does not apply in this appeal because the record does not show appellant's guilt has been adjudicated.

Article 42A.755(e) provides, "The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time the defendant is placed on community supervision." *Id.* art. 42A.755(e). "The law," specifically article 44.02 of the Texas Code of Criminal Procedure and Rule of Appellate Procedure 25.2(a)(2), however, provides that a defendant who pleads guilty or nolo contendere in a plea-bargain case may appeal only in certain situations, none of which exist in this case. Appellant has not shown that this "specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2)(C).

Appellant states he "is 'unsure' if he received a punishment that exceeded the punishment recommended by" the State. The record shows the punishment received was the same as that recommended in the plea agreement. In his argument under this issue, appellant also asserts that he was denied the right to a full adversarial hearing, denied "the right to meet any of the prosecutors," the prosecutor did not file the approval of appellant's waiver of a jury trial before appellant entered his plea, and other assertions; however, none of these arguments show the punishment recommended by the State as part of the plea bargain differed from the punishment appellant received.

Appellant also argues he did not waive his right of appeal. The plea agreement, which is a filled-in form document, states:

(__X__) Defendant waives right to appeal and the right to file a motion for new trial.

This provision shows appellant waived the right to appeal as part of the plea agreement.

Appellant also argues he lacked effective assistance of counsel, his waiver of his right to a jury trial was coerced and ineffective, the indictment was outside the statute of limitations, and the jury waiver was not approved and consented to by the State. The record does not show that appellant received the trial court's permission to appeal any of these issues; accordingly, we cannot consider them. *See* TEX. R. APP. P. 25.2(a)(2)(B); *Adams v. State*, 678 S.W.3d 301, 305 (Tex. App.—San Antonio 2023, no pet.) ("The law is clear that, in plea-bargained cases, we have no

–6–

authority to address issues that are not authorized by Rule 25.2(a)(2)." (quoting *Estrada v. State*, 149 S.W.3d 280, 283 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd))).

We conclude we lack jurisdiction over this appeal. We dismiss this appeal for want of jurisdiction.


/Maricela Breedlove/
MARICELA BREEDLOVE
231203f.u05                    JUSTICE
Do Not Publish
Tᴇx. R. Aᴘᴘ. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BILLY ROY HIGH, JR., Appellant

No. 05-23-01203-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 4, Collin County, Texas
Trial Court Cause No. 004-83825-2020.
Opinion delivered by Justice Breedlove. Justices Smith and Miskel participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 2nd day of May, 2024.